# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TELE-PHYSICIANS, P.C.**<br>    1768 BUSINESS CENTER DRIVE<br>    SUITE #100<br>    RESTON, VA 20190<br><br>    **AND**<br><br>**SPECIALISTS ON CALL, INC**<br>    1768 BUSINESS CENTER DRIVE<br>    SUITE #100<br>    RESTON, VA 20190<br><br>        **Plaintiffs,**<br><br>        **v.**<br><br>**JENNIFER HAILEY**<br>    780 HARBOR CLIFF WAY<br>    UNIT 168<br>    OCEANSIDE, CA  92054<br><br>        **Defendants.** | § § § § § § § § § § § § § § § § § § § § § § § § | **CASE NO. _____** |

## PETITION FOR AN ORDER COMPELLING ARBITRATION

Plaintiffs, **Tele-Physicians, P.C.,** a Georgia corporation with its principal place of business in Reston, Virginia (hereinafter "Tele-Physicians (Georgia)") and **Specialists on Call, Inc.**, a Delaware corporation with its principal place of business in Reston Virginia (hereinafter, "SOC" and jointly with Tele-Physicians, "SOC Telemed") file this Petition for an Order Compelling Arbitration against Defendant, **Jennifer Hailey, D.O.** a medical doctor licensed to practice in many states throughout the United States, and current resident of Oceanside, California (hereinafter "Dr. Hailey") and state as follows:

**<u>Nature of the Case</u>**

1.     By this Petition, Plaintiffs seek to compel defendant Dr. Jennifer Hailey, a former employee of SOC Telemed, to comply with the mandatory arbitration provisions contained in the "*Specialists on Call Physician Agreement*" (hereinafter the "*Agreement*") in connection with the resolution of various disputes between Plaintiffs and Defendant relating to her prior employment with Plaintiffs. (A true and correct copy of the *Agreement* is attached hereto as Attachment A.)

2.      Plaintiffs provide to hospitals, medical facilities and attending medical personnel located throughout the country emergency medical consultations using sophisticated technology provided by SOC and highly skilled doctors employed (or retained as consultants) by Tele-Physicians (Georgia).

3.     Defendant Dr. Hailey is a well-educated and highly compensated psychiatric doctor now residing in Oceanside, California.  She was one of the medical doctors employed by Tele-Physicians (Georgia) to provide medical consultations to approximately thirty-nine (39) hospitals, medical facilities and clinics located in approximately 19 states, ranging from Georgia, Maryland, Virginia, Maine and Vermont on the east coast to Arizona, California, and Nevada on the west coast, and many states between. (See, Attachment B.)

4.     Defendant originally was hired by Plaintiffs in December 2016 to work on a full-time basis; however, in response to her request, she was permitted to work part-time, beginning April 2018.  Less than four months later, on or

about July 16, 2018, Dr. Hailey sent to SOC Telemed a letter of resignation, effective October 31, 2018.

5.    In the process of transitioning her medical practice from SOC Telemed to her own medical practice, several employment related issues arose which the parties have not been able to resolve by way of negotiation.

6.    The *Agreement* among the parties provides, among other things, that disputes relating to Defendant's employment would be resolved by binding arbitration before the American Arbitration Association.

7.    Rather than submit the unresolved employment related issues to the AAA for resolution as provided in the *Agreement*, Defendant submitted some, but not all, of the issues for resolution by the State of California, Department of Industrial Relations.  A copy of the complaint sent to Plaintiffs by Defendants' counsel is attached as Attachment C.  A copy of the notice sent to SOC Telemed by the California Department of Industrial Relations is attached as Attachment D.)

8.    Plaintiffs' claims against the Defendant, and the Defendant's claims against the Plaintiffs, come within the broad scope of the arbitration provisions contained the *Agreement*.

9.    Plaintiffs have filed with the AAA, a Demand for Arbitration to resolve the employment related issues consistent with the terms of the *Agreement*.  (See, Attachment E.)  The dispute has been accepted by the AAA and assigned case number 01-19-0001-4537.  An initial scheduling conference has been set for May 21, 2019.  (See, Attachment F.)

10.     Defendant, and her New York based counsel, are refusing to arbitrate

Dr. Hailey's claims and are insisting on pressing the claims before the local

California administrative agency. (See, Attachment G.)  By this Petition,

Plaintiffs seek an order compelling Defendant to arbitrate her claims before

the American Arbitration Association, as required by the *Agreement*.

## Parties

### a.  Tele-Physicians (Georgia)

11.     Plaintiff Tele-Physicians (Georgia) is a Georgia corporation with its principal

place of business at 1768 Business Center Drive, Suite #100, Reston Virginia

20190.Tele-Physicians (Georgia) employs the doctors who are made

available to hospitals throughout the country for the technology driven

consultations in specific specialized areas of medicine, including among other

specialties, emergency room psychiatric consultations.   The *Agreement*

attached as Attachment A, was executed by Plaintiff Tele-Physicians

(Georgia) and the Defendant Dr. Hailey.

### b.  Specialists on Call

12.     Plaintiff Specialists on Call is a Delaware Corporation with its principal place

of business at 1768 Business Center Drive, Suite #100, Reston Virginia

20190.  SOC provides the technology and logistical support to the doctors

and the hospitals to make the remote medical consultations possible.

Defendant Hailey and Plaintiff Tele-Physicians (Georgia) have agreed that

SOC is "named as an express third-party beneficiary of [the *Agreement*], with

full rights as such."  (Attachment A, *Agreement* at Exhibit B, ¶12.2.)

### c.  Dr. Jennifer Hailey

13.  Dr. Hailey, who resides in Oceanfront, California, is a psychiatrist who, while

in the employment of SOC Telemed, was licensed to practice in 19 states.

Beginning December 1, 2016, Defendant was employed full-time by Tele-

Physicians (Georgia) with responsibility (along with other doctors employed

by Tele-Physicians (Georgia)), to provide emergency psychiatric

consultations to hospitals (and the hospital's emergency room patients)

located throughout the United States. On or about April 1, 2018, Dr. Hailey's

employment status was changed (at her request) to part time employment.

Three months later, Defendant unilaterally and voluntarily resigned her

employment completely effective October 1, 2018.

### **Jurisdiction and Venue**

14.  This Court has jurisdiction over this action because the dispute is between

residents of different states (*supra* at ¶¶ 11-13) and the amount in controversy

exceeds $75,000 (*infra* at ¶¶ 19-22), exclusive of interest and costs.  28

U.S.C. 1332(a)(1).

15.  The federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* authorizes the Court

to compel the arbitration of disputes where interstate commerce is implicated

as is the case here. *Id* at §§ 1 and 4,

16.  Venue is proper in this District under 28 U.S.C. §1391(b)(2) because "a

substantial part of the events or omissions giving rise to the claim occurred" in

this judicial district. The Defendant has consented explicitly, and in writing, to

arbitrate her claims in Washington D.C. and is now in breach of that

obligation.  Paragraph 8 of Exhibit B to the *Agreement* provides, in pertinent

part:

> Any controversy or claim arising out of or relating to this agreement,
> or the breach thereof, shall be settled by confidential arbitration by
> one arbitrator appointed by agreement of the Parties and failing an
> agreement in accordance with the Rules administered by the
> American Arbitration Association under its Commercial Arbitration
> Rules. Without limiting or waiving the obligation of the Parities to
> keep the arbitration proceeding confidential, the seat of arbitration
> shall be Washington, D.C.

(Attachment A at Ex. B, ¶ 8.)

17.    The Arbitration Act provides, in part:

> A party aggrieved by the alleged failure, neglect, or refusal of
> another to arbitrate under a written agreement for arbitration may
> petition any United States district court ... for an order directing that
> such arbitration proceed in the manner provided for in such
> agreement....

(9 U.S.C. §4.)

18.    In addition, Defendant has explicitly agreed to the venue and jurisdiction of

this Court.  See Attachment A, *Agreement* at Exhibit B, paragraph 12.9 which

provides, in pertinent part:

… Without limiting either Party's obligations toward alternative
dispute resolution, any action, suit, or other proceeding brought by
either Party against the other Party shall be brought in a State or
Federal court of competent jurisdiction in the metropolitan area of
Washington, DC. Both Parties hereby submit to the exclusive
jurisdiction of such court and waive any objection to personal
jurisdiction or venue in any such proceeding.

19.   The amount in controversy exceeds $75,000, exclusive of interest and
costs.  In her administrative proceeding, Defendant is seeking an award in
excess of $55,000, together with additional penalties in an undetermined
amount that "may be assessed pursuant to Labor Code Section[s] 210, 225.5
and 226.8."  The determination of the Labor Commission may be appealed *de
novo* to the California Superior Court upon the posting of a bond in the
amount assessed by the Labor Commissioner.  The Defendant (but not the
Plaintiffs) will be entitled to recover her attorneys' fees if she is successful in
recovering any amount greater than zero.  Labor Code Section 98.2,
subdivision (c).

20.   Plaintiffs are entitled by the terms of the *Agreement* to recover a some or all
of the fees incurred in securing the credentials for the Defendant to practice in
the many states in which she is now authorized.  (See, *Agreement* at Exhibit
A, ¶ 1.3.)   Although Plaintiffs have re-assigned to Defendant personally all
the licenses and credentials Plaintiffs have secured for her, and requested

reimbursement from the Defendant, Defendant has advised Plaintiffs that she
will not reimburse any portion of the fees and expenses.

21.    Plaintiffs are entitled to recover the fees, costs and expenses reasonably
incurred in enforcing the dispute resolution provisions of the *Agreement*,
which to date include (a) the State of California administrative proceeding, (b)
this enforcement proceeding, and (c) a separate, now dismissed, federal
court claim previously asserted by the Defendant in violation of the
*Agreement*.  (See Attachment A, *Agreement* at Exhibit B at ¶ 8, ("Either Party
will be allowed to recover reasonably incurred fees, costs and expenses
incurred in enforcing [the dispute resolution clause or this *Agreement*.")

## FACTUAL BACKGROUND

22.    Plaintiffs SOC Telemed provides psychiatric emergency medical services for
patients located at approximately 350 medical facilities throughout the United
States.  Plaintiffs' business depends on the medical doctors use of
sophisticated technology to provide service to remote locations.  Among the
several acute care medical services provided through SOC Telemed are
emergency room, psychiatric consultations.

23.    SOC employs or has retained by way of consulting agreements,
approximately 70 licensed professional psychiatrists located throughout the
United States.  All of Plaintiff's medical professionals are licensed to practice,
and in fact do practice, in many different states.

24.    SOC Telemed incurs substantial cost and expense in securing licenses and
practice credentials for the medical professionals they employ.  The cost is

borne entirely by the Plaintiffs, unless the medical professional leaves his or her employment in less than five years. (Attachment A, *Agreement*, Exhibit A at ¶5.5.)

25.  Defendant, Dr. Hailey was one of the psychiatrists who agreed to work with SOC Telemed to provide emergency room psychiatric consultation to various facilities located in the many states in which she was licensed to practice.

26.  Plaintiff's hired defendant on December 1, 2016 by way of a Physician Agreement of that same date.  The December 1, 2016 agreement is substantially the same as the April 1, 2018 *Agreement* attached as Attachment A, except the earlier agreement calls for Dr, Hailey to be on-call on a full-time basis (and to be compensated on a full-time basis).  The December 2016 *Agreement* had a provision calling for the resolution of disputes before the AAA substantively identical to the provision contained in the April 1, 2018 *Agreement*.

27.  On or about April 1, 2018, the parties agreed that Dr. Hailey's employment would shift from full time to part time. This change was made at Dr. Hailey's request, and the agreement reflecting the terms of her employment are reflected on the *Agreement* attached hereto as Attachment A.

28.  As stated above, the *Agreement* has a mandatory arbitration clause for the resolution of all disputes relating in any way to Dr. Hailey's employment at SOC Telemed by way of binding arbitration before the AAA.  The seat of the arbitration is Washington, D.C. (*Supra* at ¶16.)

29. In the process of transitioning her medical practice from SOC Telemed to her own medical practice, several employment related issues arose which the parties have not been able to resolve by way of negotiation.

30. The parties have been unable to resolve the disputes by negotiation.

31. Dr. Hailey's counsel advised Plaintiffs that he intended to file a claim before the State of California Department of Industrial Relations; and, thereafter provided to Plaintiffs what appears to be an articulation of the claims asserted by Dr. Hailey against SOC. (Attachment D.)

32. In the complaint filed with the California Department of Industrial Relations, Dr. Hailey, by and through her New York based counsel, identified SOC as her employer and named SOC as "the defendant." (See, Attachment C.) In the *Notice of Claim* sent by the California administrative agency to Plaintiff, Dr. Hailey apparently has substituted "Tele-Physicians, P.C., a California corporation" ("hereinafter, Tele-Physicians (California)) for SOC as the named defendant. (Id.)

33. Tele-Physicians (California), although an affiliate of SOC, has nothing to do with Dr. Hailey or Dr. Hailey's employment with Tele-Physician's (Georgia) and SOC. Tele-Physicians (California) has no employees and Defendant Hailey has never been employed by Tele-Physicians (California). To the extent the defendant has any claims, they are against Tele-Physicians (Georgia) and SOC.

34.  Plaintiff's have filed a Demand for Arbitration with the AAA seeking a resolution of all employment related disputes as provided in the *Agreement*. (Attachment E.).

35.  The AAA has accepted the Plaintiff's filing, assigned a case number and scheduled the first Hearing.  (Attachment F.)

36.  Defendant Hailey's counsel has advised Plaintiffs' counsel that he believes the arbitration provision is "Illegal" and "unenforceable" and he does not intend to submit to the arbitration.  (Attachment G.)

37.  Under the federal Arbitration Act, Defendant must arbitrate her claims against Plaintiff in Washington, D.C. Defendant's claims fall within the broad terms of the mandatory arbitration provisions that she agreed to be bound by when she agreed to employment with SOC Telemed.

38.  The FAA manifests a strong policy favoring enforcement of contractual arbitration clauses. It provides that an arbitration clause in a contract is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

39.  Here, there is no disagreement that the parties have agreed to arbitrate their disputes; nor is there any disagreement that the Defendant's claims fall within the scope of the arbitration provisions of the *Agreement*.

WHEREFORE, Petitioner Plaintiff respectfully requests that this Court issue an order compelling Defendant to submit her claims to binding arbitration in accordance with the arbitration provisions in the parties' *Agreement*.

Respectfully submitted,

_____
William E Wallace III
DC Bar No. 298000
Capital Legal Group (US) PLLC
1717 Pennsylvania Ave., N.W. , Suite 1025
Washington, DC 20006
Tel:      (202) 559-9185
Fax:      (202) 644-5227
WWallace@CapLegal.US

Counsel for Plaintiffs, Tele-Physician, P.C. and
Specialists on Call, Inc.

Dated:  May 20, 2019

## **List of Exhibits Attached to Petition to Compel**

**A.  Employment Agreement**

**B.  Hailey Licenses List**

**C.  Hailey Complaint filed with California Department of Industrial Relations**

**D.  Notice of Filing Sent by California Department of Industrial Relations**

**E.  Demand for Arbitration**

**F.  AAA Notice of Arbitration**

**G.  Hailey Counsel Refusal to Arbitrate**